Filed 10/6/16  Yasny v. County of Sacramento CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| RON YASNY, | C075948 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2013-80001461-CU-WM-GDS) |
| v. | |
| COUNTY OF SACRAMENTO et al., | |
| Defendants and Respondents. | |

Over the past 25 years, Ron Yasny's residential property has been subject to attempts at nuisance abatement by the County of Sacramento (County).  Since 1996, Yasny has been subject to a permanent injunction issued by the Sacramento County Superior Court to prevent him from storing junk, rubbish, and derelict vehicles on his property.  In 2012, the County's Code Enforcement Division inspected Yasny's property to find junk and rubbish that included rusty metal, scrap wood, dilapidated decking, a rusted dolly, dismantled truck bed, various building supplies stored under tarps, metal and plastic drums and containers, truck parts, and "unknown animal carcasses."  An

1

administrative hearing resulted in an order to abate that required Yasny to either remove many items from the property or store them in a fully enclosed structure. Yasny sought to challenge the abatement order by filing a petition for writ of mandate and complaint for declaratory relief in the superior court. After a hearing, the superior court denied the writ and dismissed the complaint.

On appeal, Yasny presents a multitude of arguments: (1) the trial court erred in reviewing the hearing officer's decision under the substantial evidence test, (2) the trial court erred in finding the hearing officer's decision was supported by substantial evidence, (3) the trial court erred in denying declaratory relief and refusing to review the permanent injunction, (4) changes in the law since 1996 require modification of the permanent injunction, (5) the administrative hearing violated principles of res judicata, laches, and estoppel, (6) the hearing officer erred by failing to consider evidence and argument presented after the administrative hearing, (7) the abatement order conflicts with county and state building code exemptions, (8) the trial court erroneously relied on a doctrine of "police power" to uphold the actions taken by the Code Enforcement Division, (9) the Code Enforcement Division lacked standing to bring nuisance action in the absence of a nuisance, (10) the Code Enforcement Division failed to carry out it ministerial duties, (11) the administrative hearing violated Yasny's federal constitutional rights of due process under the Fourth, Fifth, and Fourteenth Amendments, privacy under the Fourth Amendment, and equal protection, and also violated Yasny's due process rights under the California Constitution, (12) the ordinances relied upon by the hearing officer are facially unconstitutional as overbroad and vague as well as being unconstitutional "Underground Regulation," (13) the trial court "ignored the abuse of discretion by the hearing officer," (14) the hearing officer ignored Yasny's defenses, and (15) the hearing officer ignored Yasny's building permit and plans for future work.

We conclude that the trial court properly applied the substantial evidence test and that, under this test, the evidence suffices to uphold the abatement order.

2

The remainder of Yasny's arguments are forfeited.

We reject Yasny's contentions that the trial court erred in rejecting his request for declaratory relief. Yasny's memorandum of points and authorities in the trial court was silent as to grounds for declaratory relief. Yasny also omitted any argument for the constitutional claims he seeks to advance on appeal. And, Yasny did not properly present the issue of whether the hearing officer erred in refusing to consider arguments and evidence submitted after the administrative hearing. For failure to present these issues in the trial court, the issues have not been preserved for review.

Yasny did not file a noticed motion as required by Civil Code section 3424 in order to seek a modification or set aside of the permanent injunction.

Yasny's argument in the administrative hearing focused almost exclusively on his contention that the items at issue were still usable and therefore did not constitute the type of junk or rubbish prohibited by the County's municipal code. Thus, Yasny did not raise the following issues: the procedural bars of res judicata, laches, and estoppel; that county and state building code exemptions precluded the application of the prohibitions on junk and rubbish on residential property; lack of standing by the Code Enforcement Division to initiate an administrative proceeding for nuisance; and that the Code Enforcement Division failed to discharge its ministerial duties; or that the ordinances constitute unconstitutional underground regulation. For failure to exhaust his administrative remedies as to these claims, they are not preserved for review. Arguments raised on appeal without citation to the legal authority or made without developing the argument are forfeited. On these grounds, Yasny forfeited the contentions that: the hearing officer erred by failing to consider argument and evidence introduced after the administrative hearing; the abuse of discretion of the hearing officer was ignored by the trial court; the hearing officer ignored Yasny's defenses; and the hearing officer ignored Yasny's possession of a building permit and plan for future work.

Accordingly, we affirm the trial court's denial of the writ petition and dismissal of the complaint.

FACTUAL AND PROCEDURAL HISTORY

*The 1996 Permanent Injunction*

In January 1996, the Sacramento County Superior Court issued a permanent injunction requiring Yasny to remove junk and rubbish from his residential property in Carmichael, California. Among other things, the permanent injunction also required Yasny to keep his property clear of junk and rubbish, heavy construction equipment, commercial trailers, illegal structures, and signs not conforming to county zoning codes.

*The 2012 Administrative Proceeding*

In February 2012, the County's Code Enforcement Division received a complaint that Yasny's property had accumulated junk and rubbish along with dilapidated heavy construction equipment. The Code Enforcement Division inspected Yasny's property and initiated an administrative hearing to abate the nuisance. The hearing was held in December 2012, and the hearing officer heard testimony, received evidence, and considered the arguments made by the Code Enforcement Division and Yasny. Yasny appeared on his own behalf and was accompanied by Katherine Rebhan.

The administrative record does not indicate that Yasny filed any written opposition to the abatement proceeding. During the hearing, Yasny argued against the abatement order only on the following grounds: the items at issue were all usable and therefore not junk or rubbish as defined by section 130-101 of the Sacramento County Zoning Code, the initial complaint came from someone who did not live in his area, the items at issue were not readily visible from outside his property, he was not creating a nuisance as shown by the fact that nearby properties had recently sold for large sums, and he had a building permit that allowed storage of the building materials and equipment. Yasny briefly expressed doubt that the hearing officer could hear the matter because of

4

the previously issued permanent injunction against him. However, Yasny did not have any documentation about the 1996 injunction with him.

The hearing officer issued an order of abatement in January 2013. The order required Yasny to remove various enumerated items of junk and rubbish from his residential property. However, Yasny was not required to remove finished stacks of wood and some construction and digging equipment.

*Yasny's Petition for Writ of Administrative Mandate and Complaint*

*for Declaratory Relief*

In April 2013, Yasny filed in Sacramento County Superior Court a petition for writ of administrative mandate and complaint for declaratory relief. On December 6, 2013, the trial court heard the matter and issued a final ruling the following month. The trial court found substantial evidence supported the order of abatement. The trial court denied all other relief requested by Yasny, concluding that the writ petition was not the appropriate procedural vehicle for securing declaratory relief and that Yasny had not properly noticed a motion to dissolve the permanent injunction. The trial court noted that Yasny also asserted "numerous other causes of action" but failed to brief them with sufficient adequacy to merit consideration. Following entry of a judgment of dismissal, Yasny timely filed a notice of appeal.

In this court, Yasny has twice filed a petition for supersedeas to stay enforcement of the abatement order. We denied both petitions.

DISCUSSION

I

*Sufficiency of the Evidence in Support of the Order of Abatement*

Yasny contends the substantial evidence standard of review does not apply because the order of abatement implicates a fundamental vested right. In a fallback argument, Yasny argues, even if the substantial evidence standard of review applies, the record in support of the order of abatement was insufficient. We reject both contentions.

5

A.    *Standard of Review*

A petition for writ of administrative mandate under Civil Code Procedure section 1094.5 is reviewed under one of two standards of review.  (*Benetatos v. City of Los Angeles* (2015) 235 Cal.App.4th 1270, 1280-1281 (*Benetatos*).)  " 'If the administrative decision involved or substantially affected a "fundamental vested right," the superior court exercises its independent judgment upon the evidence disclosed in a limited trial de novo in which the court must examine the administrative record for errors of law and exercise its independent judgment upon the evidence.  [Citations.]" ([(*JKH Enterprises, Inc. v. Department of Industrial Relations* (2006) 142 Cal.App.4th 1046,] 1057 [(JKH Enterprises, Inc.)]; see *Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 816, fn. 8.)  'Where no fundamental vested right is involved, the superior court's review is limited to examining the administrative record to determine whether the adjudicatory decision and its findings are supported by substantial evidence in light of the whole record.  [Citation.]'  (*JKH Enterprises, Inc., supra*, 142 Cal.App.4th at p. 1057.)

"A right is fundamental 'on either or both of two bases:  (1) the character and quality of its economic aspect; (2) the character and quality of its human aspect.'  (*Interstate Brands v. Unemployment Ins. Appeals Bd*. (1980) 26 Cal.3d 770, 780; see *Bixby v. Pierno* (1971) 4 Cal.3d 130, 144.)  The analysis is done on a case-by-case basis.  (*Bixby v. Pierno, supra*, 4 Cal.3d at p. 144.)  As stated in *JKH Enterprises, Inc., supra*, 142 Cal.App.4th at p. 1059, ' "In determining whether the right is fundamental the courts do not alone weigh the economic aspect of it, but the effect of it in human terms and the importance of it to the individual in the life situation." (*Bixby, supra*, 4 Cal.3d at p. 144).'  (See *The Termo Co. v. Luther* (2008) 169 Cal.App.4th 394, 407 ['Given the facts before us [in *Goat Hill Tavern v. City of Costa Mesa* (1992) 6 Cal.App.4th 1519, 1562], we concluded that the tavern owner had a fundamental vested right to continue the operation of the business.'].)  'The ultimate question in each case is whether the affected right is deemed to be of sufficient significance to preclude its extinction or abridgement

6

by a body lacking judicial power.' (*Interstate Brands v. Unemployment Ins. Appeals Bd.*, *supra*, 26 Cal.3d at p. 779, fn. 5.)

" 'The substantial evidence test has been applied to review administrative decisions that restrict a property owner's return on his property, or which increase the cost of doing business, or reduce profits, because such decisions impact mere economic interests rather than fundamental vested rights. [Citation.] [¶] In contrast, the independent judgment test is applied to review administrative decisions that will drive an owner out of business or significantly injure the business's ability to function. [Citations.]' (*Amerco Real Estate Co. v. City of West Sacramento* (2014) 224 Cal.App.4th 778, 784 []; see also *E.W.A.P., Inc. v. City of Los Angeles* (1997) 56 Cal.App.4th 310, 325.) As one authority has said, 'When a case involves purely economic interests (e.g., administrative decisions that result in restrictions on a property owner's return on property, increases in the cost of doing business, or reductions in profits), courts are far less likely to find a fundamental vested right.' (Cal. Administrative Mandamus (Cont.Ed.Bar 2014) Court's Scope of Review Under CCP § 1094.5, § 6.133, p. 6–99; see also *JKH Enterprises, Inc., supra*, 142 Cal.App.4th at p. 1060.)

"Regardless of the standard of review that applied in the trial court, appellate courts apply a substantial evidence standard. (*JKH Enterprises, supra*, 142 Cal.App.4th at p. 1058.) If the trial court exercised independent judgment because a fundamental vested right was involved, we review whether substantial evidence supports the trial court's judgment. (*Ibid*.) If the superior court reviewed the administrative decision for substantial evidence because no fundamental vested right was involved, then our review is the same as the trial court's—we review the administrative record to determine whether substantial evidence supports the agency's findings. (*Ibid*.) In that review, we resolve all conflicts in the evidence and draw all inferences in support of the agency's findings. (*Ibid*.)" (*Benetatos, supra,* 235 Cal.App.4th at pp. 1280-1281, italics omitted.)

7

The order of abatement in this case does not substantially affect a fundamental vested right. Yasny is not prevented from using his residential property as a residence. Yasny is not even prevented from having on his property the items that the hearing officer found to be junk and rubbish. The abatement order provides that Yasny may keep the items at issue on his property if he stores them in a fully enclosed structure. The abatement order does not extinguish or severely impair any of Yasny's fundamental vested rights.

We reject Yasny's assertion that the abatement order prevents him from using his residential property or improving upon it. Nothing in the abatement order prevents Yasny from use of his property or even keeping the items at issue on his property so long as they are hidden from view in an enclosed structure. Because the abatement order does not substantially affect a fundamental vested right, the trial court correctly applied the substantial evidence standard of review. (*Hardesty v. Sacramento Metropolitan Air Quality Management Dist*. (2011) 202 Cal.App.4th 404, 417.)

B.      *Sufficiency of the Evidence*

The evidence presented at the administrative hearing suffices to support the hearing officer's findings that the junk and rubbish on Yasny's property constituted a nuisance.

The Sacramento County Zoning Code defines junk as "[a]ny worn out, cast off, or discarded article or material which is ready for destruction or has been collected or stored for salvage or conversion to some use. Any article or material which unaltered or unchanged and without further reconditioning, can be used for its original purpose as readily as when new shall not be considered junk." (Sac. County Zoning Code, § 130-101.) Section 301-16 of the Sacramento County Zoning Code provides that "[i]t shall be unlawful for any person to store or keep, or permit others to store or keep, junk, including, but not limited to, scrap metals or other scrap materials on any lot or parcel, or any portion thereof, in any zone other than a heavy industrial zone." Similarly, section

8

301-16.5 of the Sacramento County Zoning Code provides that "it shall be unlawful for the owner, lessee or occupant of any lot or parcel of property, or any portion thereof, to keep, maintain and/or store any junk garbage and/or rubbish on such lot or parcel." Under the zoning code, "[r]ubbish includes, but is not limited to, all nonputrescible wastes such as paper, cardboard, grass clippings, tree or shrub trimmings, wood, bedding, crockery, construction waste, and similar waste materials." (Sac. County Zoning Code, § 130-148.5.)

In reviewing whether substantial evidence supports the hearing officer's conclusion that Yasny was storing junk and rubbish on his property, we do not reweigh the evidence. (*Antelope Valley Press v. Poizner* (2008) 162 Cal.App.4th 839, 849, fn. 11 (*Antelope Valley Press*).) Instead, we "determine whether there is any evidence (or any reasonable inferences which can be deduced from the evidence), whether contradicted or uncontradicted, which, when viewed in the light most favorable to an administrative order or decision or a court's judgment, will support the administrative or judicial findings of fact. Administrative and judicial findings are presumed to be supported by the record; and orders, decisions and judgments are presumed to be correct." (*Ibid.*) And, an "appellant challenging them has the burden to show that they are not" supported by substantial evidence. (*JKH Enterprises, Inc.*, *supra*, 142 Cal.App.4th at p. 1062.)

The hearing officer's findings of fact relied upon the testimony of Brandon Heffley, an officer with the Code Enforcement Division, who testified he inspected Yasny's property and found many items of junk and rubbish, including: numerous scrap wood and lattice items "in more or less states of dilapidation," numerous nonfunctional and rusty metal items, "a variety of building supplies sort of tossed in a corner of the yard and tarped but otherwise sitting out in the elements" and deteriorating, various large metal and plastic containers, "some animal carcasses," and parts of dismantled vehicles. Officer Heffley also submitted photographs of the junk and rubbish that the officer took during the inspection. The testimony and photographic evidence introduced at the

9

administrative hearing provide ample evidence in support of the hearing officer's order of abatement to remove junk and rubbish from Yasny's yard. "The testimony of a single witness, even if that witness is a party to the case, may constitute substantial evidence. [Citation.]" (*Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201.)

Yasny argues the photographic evidence and testimony offered by Officer Heffley "does not support the findings of the Hearing [Officer]." Yasny does not argue the items ordered to be abated did not exist on his property or were inaccurately depicted in the photographic evidence. Instead, he asserts none of the items found to be junk were worn out, cast off, discarded, ready for destruction, collected for salvage, have become unusable, or need to be reconditioned. Yasny states that all the items were purchased to be used in construction or aid in construction.

Yasny essentially asks us to reweigh the evidence to find that his characterization of all items in dispute were useful and to reject the testimony of Officer Heffley that the items languished in disrepair and various states of decomposition and dilapidation. We reject the invitation to reweigh the evidence on appeal. (*Antelope Valley Press, supra,* 162 Cal.App.4th at p. 849, fn. 11) The factual question of whether the items appeared worn out, cast off, ready for destruction, or to be waste was resolved by the hearing officer. The testimony and photographic evidence upon which the hearing officer's order of abatement relies suffices to uphold the factual findings that the items to be removed were junk and rubbish.

In sum, the trial court correctly employed the substantial evidence test and the evidence suffices to support the order of abatement.

C.  *Evidence and Arguments Offered After the Administrative Hearing*

Yasny contends the hearing officer erred by refusing to consider evidence and arguments offered after the administrative hearing. We reject the contention.

10

The trial court recounted that Yasny requested it "to consider numerous pieces of evidence not considered in the hearing. Generally, in administrative mandamus decisions such as here, the Court may not consider evidence outside the administrative record unless a showing is made that in the exercise of reasonable diligence it could not have been produced at the time of the administrative hearing or that it was improperly excluded from the record. (Code of Civ. Proc., § 1094.5(e).) No such showing has been made in this matter." Subdivision (e) of Code of Civil Procedure section 1094.5 provides, in pertinent part, that "[w]here the court finds that there is relevant evidence that, in the exercise of reasonable diligence, could not have been produced or that was improperly excluded at the hearing before respondent, it may enter judgment . . . remanding the case to be reconsidered in the light of that evidence . . . ."

The trial court correctly found that Yasny failed to show reasonable diligence. Yasny's arguments in the trial court did not include any attempt to excuse the late-submitted evidence or to demonstrate the evidence could not have been obtained prior to the hearing even with reasonable diligence. Consequently, the trial court did not err in rejecting Yasny's assertion his late-submitted argument and evidence should have been considered.

II

*Denial of Yasny's Request for Declaratory Relief*

Yasny argues the trial court erred in rejecting his cause of action for declaratory relief. The argument has not been preserved for appeal.

Yasny's petition for writ of administrative mandate and complaint sought declaratory relief on grounds that (1) the doctrines of res judicata and collateral estoppel barred the Code Enforcement Division from proceeding against him in an administrative hearing while the 1996 permanent injunction was in effect, (2) the zoning code sections were unconstitutional and could not be applied by the Code Enforcement Division, (3) the Code Enforcement Division was applying the zoning codes and enforcing policies

11

that had not been adopted by the County in compliance with the Government Code. However, Yasny's memorandum of points and authorities in support of his petition for writ of mandate and complaint for declaratory relief did not articulate an argument as to why he was entitled to declaratory relief.

It is well settled that " ' "[a]ppellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.] In our adversarial system, each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack. . . ." [Citation.]' [Citation.]" (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn*. (2008) 163 Cal.App.4th 550, 564.) Consequently, we deem forfeited these claims that were not were not briefed or decided by the trial court. (*Cinnamon Square Shopping Center v. Meadowlark Enterprises* (1994) 24 Cal.App.4th 1837, 1844 (*Cinnamon Square*).)

### III

### *Request to Set Aside or Modify the Permanent Injunction*

Yasny argues the trial court erred in rejecting his requests to dissolve the permanent injunction issued in 1996. The trial court rejected Yasny's request to set aside or modify the 1996 permanent injunction, explaining he "has not shown that he is entitled to this relief, by filing a properly noticed motion to dissolve the injunction (*See,* Civil Code § 3424), nor has he provided sufficient evidentiary support or carried his substantive burden of pleading." We conclude the trial court properly rejected Yasny's request to dissolve or modify the 1996 permanent injunction.

Subdivision (a) of Civil Code section 3424 provides: "Upon notice and motion, the court may modify or dissolve a final injunction upon a showing that there has been a material change in the facts upon which the injunction was granted, that the law upon which the injunction was granted has changed, or that the ends of justice would be served by the modification or dissolution of the injunction." And, as the California Supreme

12

Court has held, an order " ' "dissolving or refusing to dissolve a permanent or preliminary injunction rests in the sound discretion of the trial court upon a consideration of all the particular circumstances of each individual case" ' and 'will not be modified or dissolved on appeal except for an abuse of discretion.' [Citations.]" (*Salazar v. Eastin* (1995) 9 Cal.4th 836, 850.)

Yasny did not provide the notice required by Civil Code section 3424 to set aside the permanent injunction. Yasny also did not show how material changes in circumstances or intervening changes in the law affected the permanent injunction – his memorandum of points and authorities did not describe the terms of the injunction he sought to set aside. Thus, he did not satisfy the requirement of Civil Code section 3424, subdivision (a) to show why the injunction required modification or set aside. Accordingly, the trial court properly denied Yasny's request to set aside or modify the permanent injunction.

IV

*Issues Not Properly Raised at the Administrative Hearing*

Yasny contends the administrative proceeding against him was barred by principles of res judicata, laches, and estoppel; county and state building code exemptions precluded the application of the prohibitions on junk and rubbish on residential property; the Code Enforcement Division lacked standing to initiate an administrative proceeding for nuisance; the Code Enforcement Division failed to discharge its ministerial duties; and the ordinances enforced against him represent unconstitutional "Underground Regulation." These contentions have not been preserved for appeal.

Generally, arguments an administrative proceeding is barred must be presented during the administrative proceeding to preserve the issue for subsequent review. "It has long been the law in California that any available defense should be asserted at the earliest opportunity and certainly at an administrative hearing." (*Takahashi v. Board of Education* (1988) 202 Cal.App.3d 1464, 1481.) "The reason for the rule is clear. 'It is

13

fundamental that the review of administrative proceedings provided by section 1094.5 of the Code of Civil Procedure is confined to the issues appearing in the record of that body as made out by the parties to the proceedings, though additional evidence, in a proper case, may be received. [Citation.] It was never contemplated that a party to an administrative hearing should withhold any defense then available to him or make only a perfunctory or "skeleton" showing in the hearing and thereafter obtain an unlimited trial de novo, on expanded issues, in the reviewing court. [Citation.] The rule compelling a party to present all legitimate issues before the administrative tribunal is required in order to preserve the integrity of the proceedings before that body and to endow them with a dignity beyond that of a mere shadow-play." (*Moore v. City of Los Angeles* (2007) 156 Cal.App.4th 373, 383, italics omitted.)

Yasny's argument at the administrative hearing focused on his assertions the items at issue were still usable and therefore not junk or rubbish under the County's municipal code. Yasny did not raise the issues of res judicata, laches, estoppel, preemption of the zoning code prohibition on junk and rubbish by building codes, lack of standing, or failure to discharge ministerial duties. Although Yasny briefly mentioned the existence of the 1996 permanent injunction precluded the hearing officer from issuing an order of abatement, he did not argue the issue. Moreover, he did not bring any documents to prove the existence or content of the 1996 permanent injunction. In short, Yasny did not properly present any argument on this issue. For failure to exhaust his administrative remedies as to these issues, they are not preserved for review.

## V

### *Issues Not Properly Presented in the Trial Court*

Yasny argues the hearing officer erred by failing to consider argument and evidence introduced after the administrative hearing. He also argues the administrative hearing violated his federal constitutional rights of due process under the Fourth, Fifth, and Fourteenth Amendments, privacy under the Fourth Amendment, and equal

14

protection, and his due process rights under the California Constitution. Yasny did not present any of these claims in his memorandum of points and authorities in the trial court. Although he did devote a single sentence to describing the law of inverse condemnation, Yasny did not develop any argument as to how the order of abatement constituted inverse condemnation of his property rights. Consequently, Yasny did not preserve these claims by first presenting them in the trial court. (*Cinnamon Square, supra,* 24 Cal.App.4th at p. 1844.)

Yasny contends he did raise at least some of these issues in the trial court in his reply to the County's opposition. However, fairness dictates all arguments must be presented in the memorandum of points and authorities. A memorandum of points and authorities "must contain a statement of facts, a concise statement of the law, evidence and arguments relied on, and a discussion of the statutes, cases, and textbooks cited in support of the position advanced." (Cal. Rules of Court, rule 3.1113(b).) A trial court may decline to consider an argument that does not comply with rule 3.1113. (*Quantum Cooking Concepts, Inc. v. LV Associates, Inc*. (2011) 197 Cal.App.4th 927, 932–933; *Black v. Financial Freedom Senior Funding Corp*. (2001) 92 Cal.App.4th 917, 925, fn. 9.) Here, the trial court had discretion to ignore arguments that Yasny did not properly present in his memorandum of points and authorities. Since these issues were not properly raised in the trial court, we deem them forfeited.

VI

*Issues Forfeited for Deficient Briefing on Appeal*

On appeal, Yasny argues the trial court erroneously relied on a "police power" rationale in affirming the order of abatement; the trial court ignored hearing officer's abuse of discretion; the hearing officer ignored Yasny's defenses; and the hearing officer ignored Yasny's possession of a building permit and plan for future work. These claims are forfeited due to deficient briefing in this court.

15

Yasny's claim regarding misapplication of the doctrine of police power consists of two sentences, neither of which describes the doctrine or how it applies to his case. He merely asserts a conclusion the order of abatement constitutes an unlawful use of police power. In support of the remaining arguments, Yasny offers no legal authority. However, "[t]o demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673, fn. 3.) When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' (*Atchley v. City of Fresno* [(1984)] 151 Cal.App.3d [635,] 647; accord, *Berger v. Godden* [(1985)] 163 Cal.App.3d [1113,] 1117 ['failure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the [claim of error'].)" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Yasny's legally unsupported and conclusory arguments have not properly tendered the issues for review.

DISPOSITION

The order denying the petition for writ of administrative mandate and the judgment of dismissal of the complaint are affirmed. The County of Sacramento shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

                                                NICHOLSON     , J.

We concur:


     BLEASE         , Acting P. J.



     RENNER        , J.

16